IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Prince Tysean Nelson, | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | 1:10cv736 (AJT/JFA) |
| | ) | |
| Gene M. Johnson, | ) | |
|    Respondent. | ) | |

<u>MEMORANDUM OPINION</u>

Prince Tysean Nelson, a Virginia inmate proceeding <u>pro se</u>, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of malicious wounding and other offenses in the Circuit Court of the City of Suffolk, Virginia. On November 8, 2010, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Nelson was given the opportunity to file responsive materials, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), and he has filed no reply. For the reasons that follow, respondent's Motion to Dismiss will be granted, and Nelson's petition will be dismissed.

I. Background

On May 5, 2008, Nelson entered pleas of guilty pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970) to one count each of malicious wounding, robbery, and use of a firearm in the commission of robbery. The court sentenced Nelson to an aggregate of forty-three (43) years imprisonment with thirty (30) years suspended, for a total active sentence of thirteen years. Pet. Ex. 1. In exchange for petitioner's guilty plea, the Commonwealth moved for the entry of an order of *nolle prosequi* to additional charges of one count of wounding in the commission of a felony, two

1

counts of use of a firearm in the commission of a felony, and one count of discharge of a firearm resulting in bodily injury. Resp. Ex. 1.

Nelson took an appeal to the Court of Appeals of Virginia, arguing that the trial court abused its discretion in imposing a sentence in excess of the voluntary sentencing guidelines in his case. Resp. Ex. 2. The petition for appeal was denied by order entered December 9, 2008. Nelson v. Commonwealth, R. No. 1703-08-1 (Va. Ct. App. Dec. 9, 2008); Resp. Ex. 2. Nelson sought further review by the Supreme Court of Virginia, but his petition for appeal was refused. Nelson v. Commonwealth, R. No. 082577 (Va. May 8, 2009); Resp. Ex. 3.

Nelson thereafter filed a petition for a state writ of habeas corpus in the trial court, raising the following claims:

> I. Counsel rendered ineffective assistance by failing adequately to prepare for trial, in that he:
>
>> A. Failed to investigate the testimony of Princess Tyasia Nelson, Joy M. Nelson, Kalieghia Camp and Marvin McNair and to subpoena them as alibi witnesses;
>>
>> B. (1) Failed to discuss possible defense with petitioner and presented only the option of entering a guilty plea on the day of trial. Counsel also told petitioner that he could not move to suppress evidence or seek the impeachment of witnesses or a continuance.
>>
>> (2) Failed to inform petitioner of possible defenses to the charges, which rendered petitioner's guilty plea involuntary.
>
> II. Counsel rendered ineffective assistance in failing to interview the following witnesses in advance of trial: Keyonda Draughan, Precious Spratley, Tamara Smith, Joy M. Nelson, Kalieghia Camp, Elroy Hart, and Nicole Townsend.
>
> III. Counsel applied 'improper pressure' on petitioner to enter a guilty

plea, by:

  A. Failing timely to provide the Commonwealth's discovery responses to petitioner;

  B. Failing timely to inform petitioner of the terms of the proffered plea agreement; and

  C. Informing petitioner that if he accepted the plea agreement he would serve five years in prison, and if he proceeded to trial he would serve up to sixty years or life.

IV. Counsel failed to move to suppress statements made by petitioner.

V. Counsel failed to investigate the possibility of impeaching potential adverse testimony that would have been offered against petitioner if the case proceeded to trial.

VI. Counsel rendered ineffective assistance by failing to seek a continuance from the date on which the plea was entered, on the ground that petitioner was not adequately prepared for trial.

VII. Counsel was ineffective for failing to raise the defense of mistaken identification.

VIII. The evidence was insufficient to sustain the convictions.

IX. Counsel was ineffective for failing to employ an investigator to interview the witnesses petitioner's case.

Resp. Ex. 4. By Final Order entered October 7, 2009, the trial court denied and dismissed petitioner's state habeas corpus application. <u>Nelson v. Director, Dep't Of Corrections</u>, Case No. CL09-460; Pet. Ex. 4. Petitioner sought review of that determination by the Supreme Court of Virginia, and his petition for appeal was refused on June 7, 2010. <u>Nelson v. Johnson</u>, R. No. 100172 (Va. June 7, 2010); Pet. Ex. 3.

  This federal petition for relief pursuant to § 2254, in which Nelson reiterates the same claims

he made in his state habeas corpus proceeding, was timely filed on June 21, 2010.[1] Respondent has filed a Rule 5 Answer and a Motion to Dismiss, along with the notice required by Roseboro, 528 F.2d at 309, and petitioner has filed no reply. Based on the pleadings and record before this Court, it is uncontested that Nelson exhausted his present claims in the state forum, as required under 28 U.S.C. § 2254.[2] Accordingly, this matter is now ripe for review.

## II. Procedural Bar

When Nelson raised the same claims he makes here in his state petition for a writ of habeas corpus, the Suffolk County Circuit Court found expressly that claims I (B)(2) (voluntariness of the plea) and VIII (sufficiency of the evidence) could and should have been raised on direct appeal, and hence were procedurally defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E. 2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975). Because the Supreme Court of Virginia refused further review without comment, Nelson, R. No. 100172, the circuit court's order was the last reasoned state court decision on the claim, and its reasoning thus is imputed to the Supreme Court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Such an express finding that a procedural bar was

---

[1] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Nelson certified that he placed his petition in the prison mail system on June 21, 2010, Pet. at 15, and the petition was date-stamped as received by the Clerk on June 28, 2010. Pet. at 1.

[2] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

applicable to claims I(B)(2) and VIII also precludes federal review of those claims, unless petitioner can demonstrate cause and prejudice for the default or the existence of a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260-63 (1989). In an Order entered July 12, 2010 petitioner was provided with the opportunity to show cause why his claims I(B)(2) and VIII should not be dismissed as procedurally defaulted, in accord with Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999) (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity to argue against dismissal). In the Brief in Support of Timeliness of Habeas Corpus Petition petitioner filed in response to the July 12 Order, he did not address the issues of cause and prejudice or actual innocence, and argued instead only that the state courts erroneously deemed his claims I(B)(2) and VIII to be defaulted. However, the Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision," Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997), and it does not appear to have been applied in error here. Accordingly, claims I(B)(2) and VIII of this petition are procedurally defaulted from consideration on the merits.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs

afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In all of his cognizable federal claims, Nelson argues that he received ineffective assistance of counsel for various reasons. To establish ineffective assistance, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its]

analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir.

2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

In claim I(A) and again in claim II, Nelson contends that he received ineffective assistance of counsel because his attorney failed to investigate and subpoena several witnesses for trial. When Nelson made this same argument in his state habeas corpus proceeding, it was found to be without merit, as follows:

> In Claims I(A) and II, the petitioner contends that counsel was ineffective for failing to investigate and subpoena for trial several witnesses whom he names. However, the petitioner has failed to proffer affidavits from these witnesses indicating what their testimony would have been and if they would have appeared for trial. This failure to proffer is fatal to his claim. See Muhammad v. Warden, 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007) (failure to proffer affidavits regarding testimony witness would have offered is fatal to Strickland claims). Cf. Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."). See also Bessette, 915 F.2d at 940-41 (petitioner must allege "what an adequate investigation

8

> would have revealed."). In light of such failing, the petitioner has failed to demonstrate the requisite prejudice necessary under Strickland to sustain a claim of ineffective assistance of counsel in a habeas proceeding. Thus Claims I(A) and II must fail.

Nelson v. Director, Case No. CL09-460; Pet. Ex. 4 at 8 - 9. Again, because review of the foregoing holding was refused without comment, the reasoning reflected is imputed to Supreme Court of Virginia. Ylst, 501 U.S. at 803.

The state habeas courts' denial of relief on petitioner's claims I(A) and II was in accord with applicable federal authorities. In federal jurisprudence, it is well established that a claim of ineffective assistance predicated on a failure to call witnesses fails where affidavits verifying the witnesses' testimony are not provided. See Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir.), cert. denied, 499 U.S. 982 (1991) (in the absence of particulars as to what an adequate investigation would have revealed or a proffer of what absent witnesses would have said, a claim of ineffective assistance based on general assertions that additional witnesses should have been called will not lie). Here, then, where it is clear that Nelson offered no affidavits to demonstrate what favorable evidence or testimony the allegedly missing witnesses would have been produced at his trial, the state courts' rejection of claims I(A) and II was based on a reasonable determination of the facts, and was not contrary to or an unreasonable application of clearly established federal law. Accordingly, that same result must occur here. Williams, 529 U.S. at 412-13.

In several of his next claims, petitioner argues that his trial counsel provided ineffective assistance by failing to take various actions which petitioner alleges prejudiced defenses he might have offered had his case proceeded to trial. Specifically, petitioner contends that counsel rendered deficient performance by failing to move to suppress petitioner's statements (Claim IV), investigate

the possibility of impeaching adverse testimony (Claim V), seek a continuance on the ground that the defense was not prepared for trial (Claim VI), raise the defense of mistaken identification (Claim VII), and hire an investigator to interview potential witnesses (Claim IX). The state habeas court considered these claims collectively and found them to be without merit, as follows:

> In each of the above claims, the petitioner has failed to demonstrate the reasonable probability that, but for the claimed errors of counsel, he would have entered a not guilty plea and insisted on trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
>
> As noted above, in exchange for the petitioner's pleas of guilty, the prosecution agreed to move for the entry of an order of nolle prosequi as to one count of wounding in the commission of a felony, in violation of Code § 18.2-53; two additional counts of the use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1; and one count of the discharge of a firearm in public, resulting in bodily injury, in violation of Code § 18.2-280(A). (See Respondent's Exhibit 2, Plea Agreement, executed November 27, 2008). These offenses collectively carried the possibility of a maximum punishment of imprisonment for an additional sixteen years. In light of this significant reduction in Nelson's sentencing exposure, no reasonable defendant would have foregone the opportunity presented by the plea agreement and proceeded to trial. Id. Accordingly, with respect to each of these claims, the petitioner cannot establish the requisite prejudice that is his burden under Strickland. Thus Claims IV, V, VI, VII and IX must each fail, accordingly.

Nelson v. Director, Case No. CL09-460; Pet. Ex. 4 at 9 - 10.

Here, as the state court noted, the alleged errors petitioner assigns to counsel in Claims IV, V, VI, VII and IX all involve actions or decisions that occurred prior to petitioner's entry of his guilty plea. Given the significant decrease in his sentencing exposure petitioner gained by entering the plea, he cannot now plausibly argue that but for these alleged errors, he would have elected to forego the plea and proceed to trial. The state courts' denial of relief on these claims thus was fully in

10

accord with the clearly established federal law upon which it expressly relied, Hill, 474 U.S. at 59, and was not based on an unreasonable determination of the facts. Accordingly, federal relief on those claims must likewise be denied. Williams, 529 U.S. at 412-13.

In claim I(B)(1), Nelson faults his attorney for failing to discuss possible defenses with him, presenting only the option of entering a guilty plea on the day of trial, and telling him that motions to suppress or for a continuance could not be filed. In claim III, Nelson asserts that counsel applied "improper pressure" on him to enter a guilty plea, by failing to provide the Commonwealth's discovery responses to him in a timely fashion, to inform him of the terms of the proffered plea agreement, or to inform him that if he accepted the plea agreement he would serve five years in prison, and if he proceeded to trial he would serve up to life. The state habeas court rejected all of these contentions on the following holding:

> The record establishes that prior to accepting the petitioner's pleas, the trial court asked him a series of questions concerning his understanding of the charges, her [sic] determination to enter a guilty plea, and his level of satisfaction with the representation provided by trial counsel. The petitioner stated that he fully understood the charges against him. (Trial Transcript, November 28, 2007, hereinafter T.T., p. 7). (Individual Transcript Cites collectively filed as Respondent's Exhibit 5). Nelson further indicated to the court that he had possessed sufficient time to discuss the possible defense he possessed to the charges with his counsel, and that as part of that discussion, he conferred with counsel as to whether or not entering a plea would be advisable. (T.T., p. 7). After this discussion, Nelson averred that he decided for himself to enter a guilty plea, and the [sic] he was doing so freely and voluntarily. (T.T., p. 7).
>
> Nelson affirmed to the court, pursuant to the dictates of North Carolina v. Alford, 400 U.S. 25, 37-8 (1970), that he believed the prosecution possessed sufficient evidence to convict him of the offenses and that we [sic] was entering a guilty plea because it was in his interest to do so, in light of the dismissal of charges carrying mandatory minimum sentences under the terms of the plea agreement

11

negotiated with the prosecution. (T.T., p. 8). The petitioner further explained that he had not been coerced in any manner to enter his pleas of guilty. (T.T., p. 8). In addition, Nelson asserted that he understood his entry of a guilty plea affected a waiver of his right to cross-examine witnesses, and that he was entirely satisfied with the services of his trial counsel. (T.T., p. 9). Finally, Nelson asserted that he had understood all of the court's questions and was ready to proceed to trial. (T.T., p. 9).

A criminal defendant is bound by his statements at trial concerning the adequacy of his counsel and the voluntariness of his plea ...

* * *

Despite the petitioner's many sub-claims asserting failures in trial counsel's representation, Nelson is bound by his earlier statements to the contrary, expressing satisfaction with counsel and his determination to enter a guilty plea after adequate time for discussion and contemplation. In light of these circumstances, Nelson cannot demonstrate either the necessary deficient performance of counsel or that resulting prejudice required under Strickland to prevail upon a claim of ineffective assistance in a habeas proceeding. Accordingly, Claim I(B)(1) and Claim III must also fail.

Moreover, as set forth in ¶¶ 17-18, with respect to Claim I(B)(1) and Claim III the petitioner has again failed to assert that but for the claimed errors of counsel he would have entered a not guilty plea and proceeded to trial. Hill, 474 U.S. at 59. Accordingly, the petitioner cannot establish the requisite prejudice that is his burden under Strickland.

Nelson v. Director, Case No. CL09-460; Pet. Ex. 4 at 10 - 12.[3]

Consistent with the state court's determination, the plea colloquy transcript reveals the following exchange:

---

[3] The state court also noted that Nelson's trial counsel, B. Thomas Reed, Esquire, supplied an affidavit in which he specifically refuted and denied petitioner's allegations that he failed to advise Nelson of the nature of the charges or the consequences of the guilty plea, to investigate potential defense witnesses, to attempt to impeach prosecution witnesses, or to file motions for suppression and a continuance on petitioner's behalf. Pet. Ex. 4 at 12. However, that affidavit does not appear to have been filed either as an exhibit or as part of a state record in this federal proceeding.

THE COURT: Do you fully understand the charges against you?

NELSON: Yes, sir.

THE COURT: Have you discussed those charges with your lawyer?

NELSON: Yes, sir.

THE COURT: Have you had enough time to discuss with your lawyer any possible defenses that you have to these charges?

NELSON: Yes, sir.

THE COURT: Have you discussed with your attorney whether you should plead guilty or not guilty?

NELSON: Yes, sir.

THE COURT: After that discussion, have you decided for yourself to enter these three pleas of guilty?

NELSON: Yes, sir.

THE COURT: Are you entering the pleas of guilty freely and voluntarily?

NELSON: Yes, sir.

\* \* \*

THE COURT: Has anyone connected with your arrest and prosecution such as the Commonwealth's Attorney, a police officer, or anybody else threatened you or forced you in any manner to enter these pleas of guilty?

NELSON: No, sir.

\* \* \*

THE COURT: Do you understand what the maximum penalty for each of these crimes is?

NELSON: No, sir.

13

>    THE COURT: Okay. There's a mandatory minimum on the firearm charge of three years. On the malicious wounding there's a possibility of 20 years in the penitentiary. And on the robbery, it's five years to life. Do you understand that?
>
>    I assume you've discussed all that with Mr. Reed?
>
>    Do you understand all that?
>
>    NELSON: Yes, sir.

Tr. Nov. 28, 2007 at 7 - 9 (Docket # 17).

Because petitioner has come forward with no clear and convincing evidence to the contrary, he is bound by his foregoing representations at the plea colloquy concerning the voluntariness of his plea and his satisfaction with the adequacy of his representation. Beck, 261 F.3d at 396. Therefore, the state courts' rejection of petitioner's contentions in claims I(B)(1) and III that he received ineffective assistance of counsel in connection with his guilty plea was based on a reasonable determination of the facts and was consistent with applicable federal law. Hill, 474 U.S. at 59. Consequently, the same result must pertain here. Williams, 529 U.S. at 412-13.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed. An appropriate Order shall issue.

Entered this 5th day of MAY 2011.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge

14